UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:11-cr-12 |
| vs. | ) | |
| | ) | JUDGE COLLIER |
| SOLOMON B. JACKSON | ) | |

MEMORANDUM AND ORDER

SOLOMON B. JACKSON ("Defendant") came before the Court for an initial appearance on February 9, 2016, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision ("Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment to the United States Constitution and his right to counsel under the 6th Amendment to the Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court APPOINTED Benjamin Sharp of Federal Defender Services of Eastern Tennessee, Inc. to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review those documents with his attorney. The Court determined that Defendant was able to read and understand the documents with the assistance of his counsel.

The Government moved Defendant be detained pending a hearing to determine whether his term of supervision should be revoked. Defendant waived his right to a preliminary hearing and detention hearing.

Based upon the Petition and Defendant's waiver of a preliminary hearing and detention hearing, the undersigned finds there is probable cause to believe Defendant has committed violations of his conditions of supervised release as alleged in the Petition, and that Defendant presents a flight risk and a danger to other persons and the general community.

It is, therefore, ORDERED that:

1. Defendant shall appear in a revocation hearing before U.S. District Judge Curtis L. Collier on **Wednesday, March 23, 2016, at 2:00 pm.**

1

2. The motion of the Government that Defendant be DETAINED WITHOUT BAIL pending his revocation hearing before Judge Collier is GRANTED.

3. The U.S. Marshal shall transport Defendant to the revocation hearing before Judge Collier at the aforementioned date and time.

ENTER.

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

2